**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Kevin Murphy, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Verde Energy USA, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Kevin Murphy, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Kevin Murphy ("Plaintiff"), is an adult individual residing in Haverhill, Massachusetts, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Verde Energy USA, Inc. ("Verde"), is a Norwalk, Connecticut business entity with an address of 101 Merritt Seven Corporate Park, Second Floor, Norwalk, Connecticut 06851, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Verde and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Verde at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year and a half, Verde began placing calls to Plaintiff's cellular telephone, number 978-xxx-5742.

8. Verde placed calls to Plaintiff's cellular telephone from telephone number 978-253-4077, among others.

9. Plaintiff did not give his number to Defendant and does not know how Defendant obtained it.

10. Verde placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS"). When Plaintiff answered calls from Verde, he heard silence or static and had to wait on the line to be connected to the next available representative.

11. In or around June 2015, Plaintiff spoke with a live representative and requested that all calls to him cease.

12. Nevertheless, Verde continued to place multiple automated calls to Plaintiff on a daily basis, for months on end.

13. Verde's continued calls caused Plaintiff great frustration and inconvenience.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last year, Defendants called Plaintiff on his cellular telephone using an ATDS or predictive dialer.

16. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." Id. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." Id.

17. Defendants' telephone systems have some earmarks of a Predictive Dialer.

18. When Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

19. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Defendants contacted Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number in light of his revoking his consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 12, 2016

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff